IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Minnesota Life Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv1099 (AJT/TRJ) |
| ) | |
| John J. Rives, III ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's motions for default judgment (no. 17) and for reimbursement (no. 20). For the reasons stated below, the magistrate judge finds that (1) the entries of default as to defendants Jennifer J. Olin and Jessica J. Jardine should be set aside; (2) default judgment should be entered against defendant Jerrod J. Olin; and (3) plaintiff Minnesota Life Insurance Company is entitled to reimbursement of its costs from the insurance proceeds that it has deposited with the court.

**I.**

This interpleader action concerns the proceeds of a life insurance policy payable as a result of the death of Patricia A. Olin and the interest thereon. Pl.'s Compl. ¶ 7. This court has jurisdiction pursuant to 28 U.S.C. § 1335, and venue is proper pursuant to 28 U.S.C. § 1397.

Defendants Jennifer J. Olin, Jessica J. Jardine, Jeffrey J. Olin, and Jerrod J. Olin, who are Patricia A. Olin's children, were originally named as the beneficiaries of the life insurance policy at issue. Pl.'s Compl. ¶¶ 14-15. Approximately a year and a half before her death, Patricia A.

Olin changed the beneficiary to defendant John J. Rives, III ("Rives").  Pl.'s Compl. ¶ 16.  After Patricia A. Olin's death, Rives requested payment of the benefits of the insurance policy.  Pl.'s Compl. ¶ 19.  After receiving a notice of dispute from the attorney for Patricia A. Olin's estate and attempting to resolve the matter among the parties, plaintiff initiated this action.  Pl.'s Compl. ¶¶ 20-21.

Plaintiff filed its complaint on October 1, 2010.  On October 7, 2010, the court entered an order (no. 7) accepting plaintiff's deposit of the funds at issue in this case.  All defendants executed and returned waivers of service (nos. 8, 9, 11, 12, 13), and their responses to the complaint were due on December 6, 2010.  Defendants Jeffrey J. Olin (no. 10) and Rives (no. 14) timely filed responses on October 28, 2010 and November 17, 2010, respectively.  The Clerk received no response from defendants Jennifer J. Olin, Jessica J. Jardine, and Jerrod J. Olin by December 6, 2010, and upon plaintiff's request (no. 15) entered default as to those defendants on December 22, 2010 (no. 16).  Plaintiff filed the instant motions on February 4, 2011.

On February 3, 2011, the Clerk received a letter from defendant Jennifer J. Olin (no. 26), in which Ms. Olin stated that she had originally sent it on October 8, 2010.  On March 7, 2011, the Clerk received a letter from defendant Jessica J. Jardine (no. 31), in which Ms. Jardine stated that she had originally sent an attached letter in early November 2010 and that she had not received copies of the instant motions until February 24, 2011.  The correspondence from Ms. Olin and Ms. Jardine indicates that they believe their mother made the change of beneficiary during a period of substance dependency and that Rives may have induced the change by taking advantage of their mother's infirm condition.  Their position is substantially similar to that advanced by defendant Jeffrey J. Olin in his timely response.

**II.**

In substance, if not in form, the letters of Jennifer J. Olin and Jessica J. Jardine are motions to set aside entry of default on one of two grounds: (1) they timely responded and default never should have been entered against them; or (2) they timely responded when they realized they were in default and they have a meritorious defense. Though there at least appears to be some dispute regarding the first ground as to Jennifer J. Olin,[1] the magistrate judge finds that the entries of default should be set aside on the second ground.

Courts should consider six factors when deciding whether to set aside an entry of default: "[(1)] whether the moving party has a meritorious defense, [(2)] whether it acts with reasonable promptness, [(3)] the personal responsibility of the defaulting party, [(4)] the prejudice to the party, [(5)] whether there is a history of dilatory action, and [(6)] the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)).

It appears that defendants Jennifer J. Olin and Jessica J. Jardine have a meritorious defense. The pleadings of pro se litigants are to be construed liberally. *See Miller v. Barnhardt*, 64 F.App'x 858, 859 (4th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972)). Defendants' letters are sufficient for the court to infer that their position is that the change of beneficiary was invalid due to incapacity or undue influence, and it is hornbook law that such allegations, if proven, can invalidate a change of beneficiary.

Defendants Jennifer J. Olin and Jessica J. Jardine have acted with reasonable promptness.

---

[1] In his response (no. 27) to the motion for default, Rives argues that Jennifer J. Olin could not have sent her letter on October 8, as it states that she agrees with Jeffrey J. Olin's timely responsive letter and copies a portion of it verbatim, despite the fact that Jeffrey J. Olin's letter was filed on October 28.

The record reflects that the first either would have learned of the entry of default against her was upon service of plaintiff's motion for default judgment. The Clerk received Ms. Olin's letter on February 3, 2011, a day before plaintiff filed the motion for default judgment. The Clerk received Ms. Jardine's letter on March 7, 2011, but her letter indicates that she did not receive copies of plaintiff's motions until February 24, 2011. Under the circumstances, both defendants acted promptly when they learned of their default status. *See Colleton*, 616 F.3d at 418 (motion prompt when filed within nine days of counsel learning of case).

The positions advanced by defendants Jennifer J. Olin and Jessica J. Jardine are substantially similar to that of defendant Jeffrey J. Olin's timely response. There is thus no prejudice to any party, as the material facts in issue and any attendant discovery are the same whether or not the court sets aside the entries of default. There is no history of dilatory action on the part of defendants Jennifer J. Olin and Jessica J. Jardine, and there clearly exist lesser sanctions than default.

Though there can be some dispute whether defendants Jennifer J. Olin and Jessica J. Jardine are responsible for their default status,[2] all other factors weigh in favor of setting aside default. Even if personal responsibility is assumed, the entries of default should be set aside based on the other factors. *See Colleton*, 616 F.3d at 419-20 (trial court abused discretion in refusing to set aside default where it relied on personal responsibility of defendant).

Accordingly, the magistrate judge finds that the entries of default against defendants Jennifer J. Olin and Jessica J. Jardine should be set aside.

## III.

In contrast to his sisters, defendant Jerrod J. Olin has filed no response to the complaint in

---

[2] *See supra* note 1.

this case and there exist no grounds on which to set aside the entry of default against him. Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal citations omitted); Fed. R. Civ. P. 55. By defaulting, a defendant is deemed to have admitted all of the plaintiff's well-pled allegations of fact, which then form the basis for judgment against the defendant. Plaintiff has provided an appropriate basis for judgment against defendant Jerrod J. Olin through its well-pled allegations of a dispute over the funds at issue.

As detailed in Part I., *supra*, plaintiff's complaint alleges a dispute over the proceeds of and interest on a life insurance policy, and that plaintiff filed this interpleader action to avoid multiple liability. Defendant Jerrod J. Olin has failed to respond to the complaint, and the Clerk entered default against him. Plaintiff is therefore entitled to default judgment against defendant Jerrod J. Olin.

Pursuant to 28 U.S.C. § 2361, a court may restrain all claimants to the subject of an interpleader action from instituting or prosecuting any proceeding in a state or United States court affecting the interpleader property, and may make that injunction permanent and discharge the plaintiff from further liability after hearing the case. Accordingly, the magistrate judge finds that plaintiff is entitled to an order (1) permanently enjoining defendant Jerrod J. Olin from instituting or prosecuting any proceeding in a state or United States court affecting the funds at issue in this case; and (2) discharging plaintiff from further liability to defendant Jerrod J. Olin in connection with the funds at issue in this case.

**IV.**

Finally, plaintiff has moved for reimbursement of its costs. A district court has discretion to reimburse a plaintiff's reasonable fees and costs in an interpleader action. *Trs. of Plumbers and Pipefitters Nat'l Pension Fund v. Sprague*, 251 F. App'x 155, 156 (4th Cir. 2007) (per curiam); *Sun Life Assurance Co. of Can. v. Bew*, 530 F. Supp. 2d 773, 776 (E.D. Va. 2007). Plaintiff's counsel avers under oath that the attorneys' fees incurred in this proceeding amount to $11,560.50, based on 36.7 hours of work at a rate of $315.00 per hour, and that the costs incurred in this proceeding amount to $435.00. The magistrate judge has examined the record and finds that this amount is reasonable compensation for work necessarily expended to resolve multiple claims to the funds at issue in this case. Plaintiff is accordingly entitled to be reimbursed its attorneys' fees and costs in an amount totaling $11,995.50 from the funds deposited with the court.

**V.**

The magistrate judge will enter appropriate orders and a report and recommendation consistent with this memorandum opinion.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia
March 18, 2011